**KNORPP CANDY CO. v. CYPRESS NOVELTY CORPORATION.**

District Court, E. D. New York.   March 17, 1928.

No. 3166.

1. Patents ⬡168(2)—Inventor, limiting claim pursuant to request of Patent Office, cannot, in subsequent infringement proceeding, broaden claim by dropping limitation.

Inventor, having limited his claim by amendment pursuant to request of Patent Office and accepted patent, cannot, in subsequent infringement proceeding, broaden his claim by dropping limitation, and contending for a construction which patent would have been given, if limitation had not been imposed.

2. Patents ⬡328—1,110,796, for candle holder, held not infringed.

Knorpp patent, No. 1,110,796, for a candle holder, *held* not infringed.

In Equity. Suit by the Knorpp Candy Company against the Cypress Novelty Corporation. Decree of dismissal.

George Ramsey, of New York City, for plaintiff.

· Robert Starr Allyn, of New York City, for defendant.

CAMPBELL, District Judge. This is an action in equity for the alleged infringement of patent, 1,110,796, issued to Max Knorpp, dated September 15, 1914. The invention is described by the patentee in his specification as follows:

"A candle holder comprising an exterior ornamental flower of composition paste or other suitable material and an interior socket formed of a helically wound wire, which is integral with a pin that passes through the center of the exterior flower-shaped portion for being inserted into the cake or other article."

The defendant has not set up in its answer any prior art, but on the trial offered the following described four prior art patents as showing the state of the art: United States patent to Reessing, No. 151,055; United States patent to Watson, No. 387,466; United States patent to Kiesele, No. 629,-791; and German patent to Holscher, No. 181,348.

The Reessing patent, No. 151,055, and Kiesele, No. 629,791, were cited by the Patent Office, and the patent was allowed over them. Both of the last-mentioned patents, viz. Reessing, No. 151,055, and Kiesele, No. 629,791, and also Watson, No. 387,466, were before Judge Hough in Knorpp Candy Co. v. Morris Kashner, July 7, 1915 (not reported), who found as follows:

"I have no difficulty in seeing invention in the embodiment. Knorpp's invention is narrow, and his claim correspondingly restricted."

I therefore see no necessity for discussing the United States patents offered to show the prior state of the art, and, as the German patent to Holscher, No. 181,348, is for securing means for a single piece light holder for Christmas trees, and there is no showing that the stem of the wire therein is axial with the coil, and inasmuch as the candle is to be used on a Christmas tree, the inference is that the supporting wire is not centrally located, but comes directly down from the side of the helix, and the candle will stand directly over the limb to which it is to be affixed.

There is no suggestion that any covering is intended to be put around the helical coil, and therefore there is no point or purpose as to any particular spacing of the helices. The patent in suit is valid, but the claim is strictly limited.

The patent contains but one claim, which reads as follows:

"I claim: A candle holder, comprising an exterior ornamental body of plastic material having a socket, a candle-holding socket formed of a closely wound helically arranged wire, the convolutions of which laterally contact with each other, and snugly fit the socket of the ornamental body, the top of the wire socket being substantially flush with the top of the ornamental body socket, said wire being bent at the lower end of the socket radially and horizontally inwardly to the central part of the wire socket, and fitting snugly the bottom of the socket of the ornamental body, and then bent to extend outwardly away from the wire socket longitudinally thereof in a straight-line extension forming a stem integral with the wire socket, and extending through the bottom of the ornamental body for securing the wire socket and ornamental body together."

Both plaintiff and defendant make their holders in the same way, viz. the operator, in making the flower, rolls the stem between the thumb and finger, thereby rotating the coil while extruding the paste composition from a pastry bag, and it is of extreme importance that the stem of the coil shall be coincident with the axis of the helix. The artistic design of the flower is the result of the skill of the operator, and for it the patentee can claim no credit.

The principal difference between the holders produced by the plaintiff and defendant consists in the fact that in plaintiff's holder the convolutions of the helix are closely wound, if they do not, as required by the patent, laterally contact, while in defendant's holder the coils are separated, so that in some instances the icing flows into the socket.

The plaintiff argues, and with some force, that a purpose of closely winding the convolutions of the helix is to prevent the icing from flowing into the socket, and that this constitutes in part the invention of the patent in suit, and that the patent should be liberally construed to accomplish this purpose.

With this argument I would be in entire accord, had the claim originally provided that the convolutions of the helix should laterally contact, but it did not; in fact, the convolutions were described as "closely wound" and "closely bent," and it was only after repeated rejections and amendments that the patentee finally succeeded in obtaining his patent, with the following provision in the claim: "The convolutions of which laterally contact with each other."

[1] This, it seems to me, was inserted to overcome the reference to an open coil; but, even if that be not so, the patentee was compelled by the Patent Office to narrow his claim, and, having limited his claim by amendment and accepted the patent, he cannot now broaden his claim, by dropping that limitation and contending for a construction which the patent would have been given, if that limitation had not been imposed. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. 335.

[2] The interval between the convolutions of the helix of the defendant's holder is substantial, and not a mere subterfuge, and defendant claims that there are advantages as well as handicaps in making the holder in that way. It therefore appears to me that the defendant has not infringed.

Having found that the defendant has not infringed, it is unnecessary for me to pass on the defense of laches.

A decree may be entered, dismissing the plaintiff's complaint, with costs.